UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JASON RICHARD EIDAM,

        Plaintiff,                       Case No. 1:20-cv-487

v.                                            Honorable Robert J. Jonker

NATHAN NAGY et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Nagy, McCumber-Henry, Washington, and the Michigan Department of Corrections.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County,

Michigan. The events about which he complains occurred at that facility. Plaintiff sues JCF staff: Warden Nathan Nagy, Registered Nurse Angele James,[1] and Grievance Coordinator Unknown McCumber-Henry. Plaintiff also sues the MDOC and MDOC Director Heidi Washington.

Plaintiff alleges that he began kiting to be seen by medical staff in early April 2020 to address urological problems including swelling, discharge, and hematuria. On May 7, 2020, Plaintiff sent his fourth medical kite, but he had yet to be seen by medical staff. Plaintiff alleges that Defendant James responded to his May 7, 2020 kite, "Due to the state of emergency in Michigan[,] health care is only seeing emergent/urgent appt." (Compl., ECF No. 1, PageID.3.) Plaintiff filed grievances, which Defendant McCumber-Henry denied. Plaintiff contends that Defendant McCumber-Henry intended to prevent Plaintiff from exhausting administrative remedies in order to thwart Plaintiff's efforts to file a lawsuit.

Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. For relief, Plaintiff seeks damages and injunctive relief.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

---

[1] Plaintiff at times refers to this Defendant as "James Angele."

2

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.   MDOC

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh

Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, the Court dismisses the MDOC.

**IV.    Eighth Amendment**

Plaintiff alleges that Defendants Washington and James violated his right to be free from cruel and unusual punishment.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial

4

risk of serious harm.  *Id.*  The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cty.*, 534 F.3d 531, 540 (6th Cir. 2008).  The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

### A.   **Defendant Washington**

Plaintiff's Eighth Amendment claim against Defendant Washington appears to challenge her policy limiting prisoners' access to health care.

Plaintiff asserts that "Heidi Washington cannot order health care to not see inmates who have medical problems[.]"  (Compl., ECF No. 1, PageID.3.)  Plaintiff offers no support for his allegation that Defendant Washington issued such an order.  Moreover, his assertion is contradicted elsewhere in the complaint.  In particular, Plaintiff alleges that Defendant Washington had ordered health care staff to see only those patients with "emergent/urgent" medical needs. (Compl., ECF No. 1, PageID.3.)  This allegation accords with a memorandum Defendant Washington sent to MDOC wardens and other personnel on April 8, 2020, which issued new policies for abating the spread of COVID-19 in MDOC facilities. *See* MDOC Director Heidi E. Washington, Director's Office Memorandum 2020 – 30 (COVID-19), at 5 (Apr. 8, 2020) ("All non-urgent and non-emergent Health Care appointments, including dental, shall be postponed."), https://www.michigan.gov/documents/corrections/DOM_2020-30_686578_7.pdf.

5

The Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 532 U.S. 223, 230 (2001). As continually emphasized by the Supreme Court, the problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts. *See Washington v. Harper*, 494 U.S. 210, 224 (1990); *Turner v. Safley*, 482 U.S. 78, 84-96 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 125-26 (1977). These concerns are even stronger when a state penal institution is involved. *Glover v. Johnson*, 138 F.3d 229, 241 (6th Cir. 1998).

Here, Defendant Washington issued a policy clearly aimed at ameliorating the spread of COVID-19. In contrast to Plaintiff's assertions, Defendant Washington did not "order health care not to see inmates who have medical problems" (Compl., ECF No. 1, PageID.3); she merely ordered health care, in the face of a pandemic, to limit appointments to those of an urgent or emergent nature. Limiting health care staff's focus on non-COVID-19 issues to urgent and emergent medical requests appears squarely calculated to balance the MDOC's conflicting Eighth Amendment obligations to limit the spread of COVID-19 while simultaneously caring for prisoners' more traditional medical needs. The policy is utterly devoid of any sign that Defendant Washington had the necessary culpable state of mind to state an Eighth Amendment claim when she implemented a policy that would postpone some medical care. Correspondingly, the Court will afford Defendant Washington deference to confront the pandemic. Furthermore, Plaintiff does not appear to challenge the policy itself but rather the application of the policy by JCF health care staff to his medical needs: "Any reasonable person would see the [medical] issues cited [in my kites] and see my problems are urgent . . . ." (Compl., ECF No. 1, PageID.4.) Thus, Plaintiff

6

challenges the conduct of JCF health care staff, not the conduct of Defendant Washington. Accordingly, Plaintiff has failed to state an Eighth Amendment claim against Defendant Washington.

### B. Defendant James

Plaintiff alleges that he sent four medical kites over a one-month period requesting to be seen for his urological problems, and Defendant James declined to see Plaintiff. Plaintiff contends that Defendant James failed to triage, diagnose, or treat his medical issues. Upon initial review, Plaintiff has sufficiently alleged facts to state an Eighth Amendment claim against Defendant James.

## V. Respondeat Superior

Construing the complaint with all due liberality, Plaintiff claims Defendants Nagy McCumber-Henry, and Washington failed to properly supervise their subordinates.

Plaintiff fails to make any further specific factual allegations against Defendants Washington, Nagy and McCumber-Henry, other than his claim that Defendant McCumber-Henry failed to respond or conduct an investigation in response to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in

7

a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has failed to allege that Defendants Washington, Nagy and McCumber-Henry engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Nagy, McCumber-Henry, Washington and the MDOC will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claim against Defendant James remains in the case.

An order consistent with this opinion will be entered.


Dated:    June 19, 2020             /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE